UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:25-cv-00235

**Brian Jacob Cole,**
*Petitioner,*

v.

**Director, TDCJ-CID,**
*Defendant.*

# ORDER

On March 3, 2025, petitioner Brian Cole was convicted of driving while intoxicated and sentenced to 335 days' confinement. *See Texas v. Cole*, No. CR-2024-07218-C (Mar. 3, 2025). On March 6, a non-lawyer filed a petition for a writ of habeas corpus on petitioner's behalf. Doc. 1. On March 24, petitioner appealed in state court. That appeal is ongoing.

This case was referred to a magistrate judge (Doc. 7), who ordered petitioner to refile the petition himself or through a licensed attorney. Doc. 17. Petitioner, proceeding pro se, refiled his petition. Doc. 19. The magistrate judge subsequently issued a report recommending that his habeas petition be dismissed without prejudice for failure to exhaust state remedies.

Petitioner filed no objections. Instead, within the time for filing objections, he filed an affidavit of fact. Doc. 22. After the time for filing objections expired, he also filed a "correction of error" and a motion for reconsideration and demand for certificate of appealability. Docs. 23, 24.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Petitioner claims that he did not received the report and recommendation. Doc. 24. But he argues that exhaustion is not required in his case based on 28 U.S.C. § 2254(b)(1)(B). Doc. 22 at 1. Section 2254(b)(1)(B) directs that a habeas petition shall not be granted "unless it appears that . . . (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." Petitioner argues that state process is ineffective and unavailable because his motion for retrial was denied and pursuing state remedies would cause undue delay. Doc. 22 at 1. He further argues that denying his petition would cause a fundamental miscarriage of justice because of alleged constitutional violations that occurred during his trial. *Id.* at 1–2. In addition, he claims that his failure to exhaust is due to his incarceration and lack of attorney assistance. *Id.* at 2.

Those arguments are without merit. "That petitioner has not received a ruling within a time-period he deems reasonable does not make exhaustion of state remedies inadequate . . . or unnecessary." *Vallejo v. Quarterman*, No. 3:09-cv-1386, 2009 WL 2709357, at *2 (N.D. Tex. Aug. 26, 2009). "The fact that [petitioner] was unsuccessful in a state court filing . . . also does not render state remedies inadequate or unavailable." *Pierce v. Garrett*, No. 6:17-cv-00518, 2018 WL 1061341, at *3 (E.D. Tex. Feb. 27, 2018). And conclusory assertions that a fundamental miscarriage of justice will occur without a writ are not enough to excuse the exhaustion requirement. *See Deters v. Collins*, 985 F.2d 789, 795–96 (5th Cir. 1993) (discussing when the exhaustion requirement may be excused).

Petitioner's motion for reconsideration and demand for certificate of appealability fairs no better. As an initial matter, there is

no provision in the Federal Rules of Civil Procedure for a motion to reconsider a report and recommendation, as the report is neither an order nor judgment. *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998) ("The Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment."). There is therefore nothing for the court to reconsider or certify for appeal.

That said, upon consideration of the motion, the court is not persuaded that it may or should excuse § 2254's exhaustion requirement. Petitioner seems to claim that the court has no choice but to grant him relief, that *Younger* abstention does not apply, and that the magistrate judge "made a determination of hypothetical correct results." Doc. 24 at 4. His first argument again is conclusory and fails to show that he cannot obtain the relief he seeks in state court. And his remaining arguments fail to explain why he need not comply with § 2254's exhaustion requirement.

Having reviewed the report de novo and finding no error, the court accepts the report's findings and recommendations. The petition for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies. The clerk is directed to close this case. Any pending motions are denied as moot.

*So ordered by the court on November 5, 2025.*

J. CAMPBELL BARKER
United States District Judge